1

**SAGASER, JONES & HAHESY**
2445 Capitol Street, 2nd Floor
2 Post Office Box 1632
Fresno, California  93717-1632
3 Telephone:  (559) 233-4800

4 Timothy Jones #119841
John P. Kinsey #215916
5

6 Attorneys for Defendant and Counterclaimant Foster Dairy Farms

7

8 **IN THE UNITED STATES DISTRICT COURT**

9 **EASTERN DISTRICT OF CALIFORNIA**

10 CONOPCO, INC., a New York     Case No. 1:05-cv-00400 REC SMS
corporation, doing business as
11 UNILEVER ICE CREAM,     **STIPULATION AND**
    **PROTECTIVE ORDER**
12        Plaintiff,

13     v.

14 FOSTER DAIRY FARMS, a California
corporation; and DOES 1 through 10,
15 inclusive,

16        Defendants.

17

18 AND RELATED COUNTERCLAIM

19

20       The parties to this action hereby stipulate, by and through their respective attorneys

21 of record, to the entry of the following Protective Order pursuant to Rule 26(c) of the Federal Rules

22 of Civil Procedure:

23        1.     Any document, or portion thereof, and any other form of evidence or

24 discovery contemplated under the Federal Rules of Civil Procedure which, in the good faith opinion

25 of the party providing such discovery (the "Producing Party") contains any confidential financial

26 information and/or trade secret, proprietary, or confidential business information ("Confidential

27 Information"), may be designated by the producing party as confidential.

28 ///

1

{6538/002/00180574.DOC}

PDF created with pdfFactory trial version www.pdffactory.com

1       2.    The term "Litigation" used herein shall mean the present action pending in

2   the Eastern District of California, Fresno Division, *Conopco, Inc. v. Foster Dairy Farms*, Case

3   No. 1:05-CV-00400 REC SMS, and the related Counterclaim.

4       3.    Confidential Information may be designated as follows:

5       a.    Documents or copies of the same provided by a Producing Party to

6   another party containing Confidential Information may be designated by marking the page or the

7   pages on which the Confidential Information appears with the legend: "CONFIDENTIAL – to be

8   used solely within the confines and for the purposes of *Conopco, Inc. v. Foster Dairy Farms*,

9   Case No. 1:05-CV-00400 REC SMS (and related Counterclaim)."

10       b.    In lieu of marking the original of a document that contains

11   Confidential Information prior to inspection, counsel for the Producing Party may orally

12   designate such documents being produced for inspection as Confidential Information thereby

13   making them subject to this Stipulation and Order.  However, copies of such documents must be

14   marked "CONFIDENTIAL – to be used solely within the confines and for the purposes of

15   *Conopco, Inc. v. Foster Dairy Farms*, Case No. 1:05-CV-00400 REC SMS (and related

16   Counterclaim)," by the Producing Party at the time they are supplied to inspecting counsel in

17   order to make such copies subject to this Stipulation and Order.

18       c.    Confidential Information disclosed at a deposition may be designated

19   by a Producing Party as Confidential Information by: (1) clearly indicating at the deposition and on

20   the record, as set forth below, the specific testimony containing the Confidential Information that is

21   to be made subject to the provisions of this Stipulation and Order; and (2) clearly indicating in

22   writing to the other parties within 40 days of the completion of the deposition.

23       d.    Any designation of deposition transcripts as including Confidential

24   Information may be challenged pursuant to paragraph 10 of this Stipulation and Order.  During the

25   course of any deposition in this Litigation, if any party believes that the information sought consists

26   of Confidential Information, that party may so declare.  The court reporter will immediately note

27   this declaration on the record and will thereafter designate that portion of the transcript and/or

28   ///

{6538/002/00180574.DOC}

PDF created with pdfFactory trial version www.pdffactory.com

document involved as Confidential Information and all such portions of transcripts supplied to counsel will be so designated.

e.      It will be counsel's responsibility to assure that the Confidential Information portions of the depositions are not disclosed to anyone not authorized to receive Confidential Information pursuant to this Stipulation and Order.  Exhibits marked as Confidential Information at any deposition will be sealed in a separate envelope that is marked on the outside "CONFIDENTIAL – to be used solely within the confines and for the purposes of *Conopco, Inc. v. Foster Dairy Farms*, Case No. 1:05-CV-00400 REC SMS (and related Counterclaim)."  The designating party shall have the right to have all persons, except those authorized to receive Confidential Information pursuant to this Stipulation and Order, excluded from the deposition room during the taking of testimony designated as subject to this Stipulation and Order.

f.      Confidential Information contained in responses to interrogatories, other discovery requests or responses, affidavits, briefs, memoranda, or other papers filed with the Court, may be designated as Confidential Information by prominently marking each page containing confidential Information with the legend "CONFIDENTIAL – to be used solely within the confines and for the purposes of *Conopco, Inc. v. Foster Dairy Farms*, Case No. 1:05-CV-00400 REC SMS (and related Counterclaim)."

g.      Tangible objects constituting or containing Confidential Information may be designated Confidential Information by affixing to the object or its container a label or tag marked "CONFIDENTIAL – to be used solely within the confines and for the purposes of *Conopco, Inc. v. Foster Dairy Farms*, Case No. 1:05-CV-00400 REC SMS (and related Counterclaim)."

h.      The attorneys of record shall be responsible for insuring that any of their work product which contains Confidential Information of another party entitled to protection under this Order, including copies of production documents, notes, memoranda, and documents prepared for filing with the Court, complies with this Stipulation and Order.

4.      Confidential Information shall only be disclosed to and made available to the following designated persons:

3

{6538/002/00180574.DOC}

PDF created with pdfFactory trial version www.pdffactory.com

a.     The attorneys of record for each party to this action and their firm staff, including associates, paralegals, secretaries, and support staff and the like;

b.     Representatives of any party to this Litigation, provide such representatives agree, in advance: (1) to be bound by this Stipulation and Order; (2) to use such Confidential Information solely within the confines and for the purposes of this Litigation; (3) to sign a Declaration agreeing to the terms of this Protective Order, and to provide a copy of such Declaration to each party hereto; and (4) that Confidential Information shall only be disclosed to attorneys, representatives of any party, consultants, and/or experts in this litigation PROVIDED THAT such person has signed a Declaration agreeing to the terms of this Protective Order, and has provided a copy of such Declaration to each party hereto.

c.     Internal or external experts and/or consultants, provided such experts or consultants agree, in advance: (1) to be bound by this Stipulation and Order; (2) to use such Confidential Information solely within the confines and for the purposes of this Litigation; (3) to sign a Declaration agreeing to the terms of this Protective Order, and to provide a copy of such Declaration to each party hereto; and (4) that Confidential Information shall only be disclosed to attorneys, representatives of any party, consultants, and/or experts in this litigation PROVIDED THAT such person has signed a Declaration agreeing to the terms of this Protective Order, and has provided a copy of such Declaration to each party hereto.

d.     Court stenographers, outside copy services, interpreters and translators whose functions require them to have access to Confidential Information.

5.     All Confidential Information produced or exchanged in the course of this Litigation shall be used solely within the confines and for the purposes of this Litigation.   No Confidential Information shall be provided to anyone or any entity other than as specifically set forth herein.   In the event any request, subpoena, or other effort is made by a third party to obtain Confidential Information other than those persons designated in paragraph 4 above, no such Confidential Information shall be provided absent an order of this Court, and after due notice and an opportunity for all parties to be heard by the Court prior to release of any such Confidential Information.

4

{6538/002/00180574.DOC}

PDF created with pdfFactory trial version www.pdffactory.com

6.      The parties shall redact all Confidential Information from any documents filed electronically with the Court.  All filings containing Confidential Information shall be filed electronically in redacted form in conformance with the requirements of Local Rule 39-140.

7.      The Clerk of the Court is directed to maintain under seal and *in camera* all Confidential Information, documents, objects and other materials filed with the Court that have been designated as "CONFIDENTIAL – to be used solely within the confines and for the purposes of *Conopco, Inc. v. Foster Dairy Farms*, Case No. 1:05-CV-00400 REC SMS (and related Counterclaim)."  To assist the Clerk, any document or object that a party wishes to have placed under seal pursuant to this Stipulation and Order shall be filed in the Clerk's Office in a sealed envelope or other appropriate sealed container on which shall be: (1) endorsed with the title and docket number of this action; (2) an identification of the nature of the contents of the sealed envelope or container; (3) the words "CONFIDENTIAL – to be used solely within the confines and for the purposes of *Conopco, Inc. v. Foster Dairy Farms*, Case No. 1:05-CV-00400 REC SMS (and related Counterclaim);" and (4) a statement substantially in the following form:

> SUBJECT TO PROTECTIVE ORDER ENTERED IN CASE NO. 1:05-CV-00400 REC SMS, *Conopco, Inc. v. Foster Dairy Farms*, Case No. (and related Counterclaim).  This envelope, containing documents that are filed in this case by [**name of party**], is not to be opened nor are the contents thereof to be displayed or revealed except by order or under the direction of the Court.

A second copy of any pleading or paper specifically intended for review by the Court may be hand-delivered to the Court's chambers appropriately marked, in order to assure that the same is brought promptly to the Court's attention.

8.      Nothing in this Order shall prevent a party from using any Confidential Information at depositions, trial, or during a hearing in this litigation only.  However, the party using such information or material must request that the portion of the proceeding where said use is made shall be *in camera* and that the transcript of the portion of the proceeding be maintained under seal *in camera* in accordance with paragraph 7, with access thereto limited to persons entitled to access under this Stipulation and Order.  During the course of any hearing or the trial of this Litigation, if any party believes that the information sought consists of Confidential Information, he or she may so declare.  The court reporter will immediately note said declaration on the record and will

5

{6538/002/00180574.DOC}

PDF created with pdfFactory trial version www.pdffactory.com

thereafter designate that portion of the transcript and/or document involved as Confidential Information and all such portions of transcripts supplied to counsel or the Court will be so designated.   It will be all counsels' responsibility to assure that the Confidential Information portions of the depositions are not disclosed to anyone not authorized to receive Confidential Information pursuant to this Stipulation and Order.  Exhibits marked as Confidential Information at any hearing or trial in this Litigation will be sealed in a separate envelope that is marked on the outside "Confidential Information."  The designating party shall have the right to have all persons, except those authorized to receive Confidential Information pursuant to this Stipulation and Order, excluded from the courtroom during the taking of testimony designated as Confidential Information.

9.     Nothing herein shall be construed as (a) an agreement that any information or document designated as Confidential Information does in fact constitute confidential financial information or proprietary information; or (b) an agreement or admission with respect to the competency, relevance, or materiality of any such information or document.  Designation of or acquiescence in the designation of documents or information as being subject to this Stipulation and Order has no bearing whatsoever on the merits of this case, and such action is not to be construed as an admission or used as evidence in the merits of the case.

10.     A party shall not be obligated to challenge the propriety of a Confidential Information designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.   In the event that any party to this Litigation disagrees at any point in these proceedings with the designation by the producing party of any information as Confidential Information, the parties shall try first to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may seek appropriate relief from this Court.

11.     Nothing herein shall prevent disclosure beyond the terms of this Stipulation and Order if the producing party of Confidential Information consents in writing to such disclosure. Such relief shall be sought, however, prior to the discovery cut-off date in this Litigation.

12.     Nothing in this Stipulation and Order shall bar or otherwise restrict any attorney from rendering advice to his client with respect to this litigation and, in the course of rendering this advice, referring to or relying generally on his examination of Confidential

6

{6538/002/00180574.DOC}

PDF created with pdfFactory trial version www.pdffactory.com

Information produced or exchanged; provided, however, that in rendering such advice and in otherwise communicating with his client, the attorney shall not disclose the contents of any Confidential Information produced by another party if that disclosure would be contrary to the terms of this Stipulation and Order.

13.   The inadvertent or unintentional disclosure of Confidential Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating to the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing the counsel of record for all parties to whom the information was disclosed that the information is confidential and subject to this Stipulation and Order.   Such notification shall constitute a designation of the information as Confidential Information.

14.   Within sixty (60) days after the conclusion of this action and all appeals thereof, all documents, objects, and other material produced or designated as containing Confidential Information, all reproductions thereof, and all documents incorporating Confidential Information shall be returned to the producing party or shall be destroyed.  If all such documents, objects and other materials are destroyed rather than returned to the producing party, counsel responsible for destruction of such documents, objects, and materials shall provide a sworn statement acknowledging such destruction.  Insofar as the provisions of this Stipulation and Order, and any other protective orders entered in this action restrict the communication and use of information produced thereunder, such orders shall continue to be binding after the conclusion of this Litigation except (a) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) that a party may seek the written permission of the producing party or further order of the Court with respect to dissolution or modification of any such protective orders.

15.   The terms of this Stipulation and Order shall be applicable to any third party who produces information which is designated by such third party or a party hereto as Confidential Information.

7

{6538/002/00180574.DOC}

PDF created with pdfFactory trial version www.pdffactory.com

1              16.    This Stipulation and Order shall not prevent either of the parties from

2  applying to the Court for further or additional protective orders, or for the modification of the

3  present Stipulation and Order.  This Stipulation and Order also shall not prevent the parties from

4  agreeing among themselves to the modification of the present Stipulation and Order, subject to the

5  approval of the Court.

6

7  DATED:  December 22, 2005.        SAGASER, JONES & HAHESY

8

9

10                               By:   /s/ John P. Kinsey

11                                  John P. Kinsey, Attorneys for Defendant and
                                Cross-Complainant Foster Dairy Farms

12

13  DATED:  December 22, 2005.        FREEMAN, FREEMAN & SMILEY LLP

14

15

16                               By:   /s/ John P. Godsil

17                                    John P. Godsil, Attorneys for Plaintiff and
                                Counter-Defendant Conopco, Inc., doing
                                business as Unilever Ice Cream

18            IT IS SO ORDERED.

19

20  DATED:  12/23/2005           /s/ Sandra M. Snyder

21                                 The Honorable Sandra M. Snyder

22

23

24

25

26

27

28

8

{6538/002/00180574.DOC}

PDF created with pdfFactory trial version www.pdffactory.com